Morschauser, J.
The above-named claimant filed a claim against the state for damages caused by the overflow of the Mohawk river and its tributaries, alleging that the damage was occasioned between March 30 and April 10, 1916, and that by reason of the overflow the claimant’s cellar was flooded, which premises of the claimant were located on Westinghouse avenue (now Weaver street), in the fifth ward of the city of Schenectady; that at the time of the flood the claimant had in his cellar leaf tobacco, pickled peppers, powdered citrate of magnesia, cider vinegar and wine vinegar, which he alleges were destroyed, and filed a claim for $410.50. The claim for the leaf tobacco was for 2,100 pounds and the damages stated at $357. On the trial the claimant proved that this quantity of tobacco was of much greater value and asked leave by an amendment to materially increase the amount of the claim. The matter being discretionary, the court declines to allow such amendment.
Prior to 1919, section 264 of the Code of Civil Procedure, which gave the Court of Claims jurisdiction to hear and determine claims against the state, provided for the filing of a written notice of intention tq filé a claim against the state, stating the time when and the place where such claim arose and in detail the nature of the same, but omitted to require the claimant to state the items of damage alleged or claimed to have been sustained. By chapter 157 of the Laws of 1919 this section was amended by adding that in such notice of intention the claimant should also state the items of damage alleged or claimed to have been sustained.
The notice of intention in this claim was filed on January 19, 1917, and the trial took place on March 3,1920.,
The intent of the law requiring the filing of a notice of intention to file a claim with the attorney-general *331 within six months after the claim accrues is to give the attorney-general an opportunity to investigate the claim and ascertain the facts connected therewith as alleged in the claim.
It seems to me that under the circumstances the amendment asked for by the claimant should not be allowed.
The claimant established the fact ,that through the negligence of the state the damages occurred, and the state having by legislative enactment assumed liability for the flooding of the Barge canal, and the claimant-having established the damages to the amount of his claim, the claim should be allowed in the sum of $410.50.
Ackerson, P. J., concurring on the ground that the denial of the amendment was a proper exercise of the court’s discretionary power.
Claim allowed.